UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Barron Henderson, # 22073-058, | ) | **C/A No. 6:11-0582-RBH-KFM** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Warden FCI-Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ ) | | |

### *Background of this Case*

Petitioner is an inmate at FCI-Estill. He is serving a sentence of thirty-six months for illegal gambling. Petitioner's conviction was entered in Cr. No. 1:08-cr-00115-MR-DLH-1 (W.D.N.C.) pursuant to a guilty plea. The Federal Bureau of Prisons website (www.bop.gov) indicates that Petitioner's projected release date is January 9, 2012.

In the Petition, Petitioner seeks placement in a Residential Reentry Center. Petitioner contends that he is entitled to be placed in a Residential Reentry Center under the so-called "Second Chance Act" and that the Bureau of Prisons — in its policy memorandum of June 24, 2010 — is placing more "onerous" eligibility criteria than required by the Second Chance Act.

### *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. As a *pro se* litigant,

Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Petitioner's claims under the Second Chance Act have already been addressed by this Court. In *Barron Henderson v. Warden FCI-Estill*, Civil Action No. 6:10-1866-RBH-KFM, Petitioner on July 19, 2010, brought a habeas corpus action, pursuant to 28 U.S.C. § 2241, to challenge the policy of the Federal Bureau of Prisons relating to his eligibility for community placement under the Second Chance Act. On July 28, 2010, the undersigned authorized service upon the respondent in Civil Action No. 6:10-1866-RBH-KFM. The respondent in Civil Action No. 6:10-1866-RBH-KFM filed a motion to dismiss on September 16, 2010.

The undersigned on September 17, 2010, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner did not respond to the *Roseboro* order. Hence, in an order filed in Civil Action No. 6:10-1866-RBH-KFM on November 10, 2010, gave Petitioner until December 6, 2010, to respond to the motion to dismiss. In the order, the undersigned also apprised Petitioner that, if he did not respond, the case would be subject to dismissal under Fed. R. Civ. P. 41(b) *and that such a dismissal would be considered an adjudication on the merits*. Petitioner did not respond to the order of November 10, 2010.

In a Report and Recommendation filed in Civil Action 6:10-1866-RBH-KFM on December 14, 2010, the undersigned recommended that the case be dismissed for failure to prosecute. The parties in Civil Action No. 6:10-1866-RBH-KFM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On January 13, 2011, the Honorable R. Bryan Harwell, United States District Judge, dismissed the case for lack of prosecution.

On January 24, 2011, Petitioner filed a motion for extension of time to respond to the motion to dismiss. On January 26, 2011, Judge Harwell, in a docket text order, denied the motion. Judge Harwell's docket text order of January 26, 2011, reads as follows:

> Respondent filed his Motion to Dismiss on September 16, 2010, and Petitioner's response to that motion was originally due by October 21, 2010, pursuant to the Roseboro Order. After Petitioner failed to respond, the Magistrate Judge entered an Order on November 10, 2010, giving Petitioner through December 6, 2010 to file a response to the Motion to Dismiss. That Order also advised Petitioner that if he failed to respond this action would be subject to dismissal, and such dismissal would be with prejudice. Despite this warning, Petitioner still failed to respond. Thereafter, the Magistrate Judge entered his Report which recommended dismissing Petitioner's action for lack of prosecution. Petitioner also elected not to file objections to the Report. At no point did Petitioner request additional time to respond to either the Motion to Dismiss or the Report and Recommendation. The Court dismissed Petitioner's action on January 13, 2011, over two and half months after his initial deadline to respond, and only after that dismissal did Petitioner file a request with the Court. Accordingly, Petitioner's Motion for Extension of time is denied and this case shall remain closed.

(Judge Harwell's Order [ECF No. 23] of January 26, 2011, in Civil Action No. 6:10-1866-RBH-KFM). No appeal was filed in Civil Action No. 6:10-1866-RBH-KFM.

In the above-captioned case, this Court may take judicial notice of Civil Action No. 6:10-1866-RBH-KFM. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 628-29 (D.S.C. 2008) (collecting cases).

Since Petitioner's claims in Civil Action No. 6:10-1866-RBH-KFM are deemed to have been addressed on the merits, the above-captioned case is barred under the doctrine of *res judicata*. See Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."). *Res judicata* bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). *Cf. Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989) ("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'"); and *Long v. Ozmint*, 558 F. Supp. 2d at 629 ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

### *RECOMMENDATION*

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring Respondent to file an Answer or Return.

***Petitioner's attention is directed to the important notice on the next page.***

March 16, 2011                                         s/Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).