IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Barron Henderson,

Petitioner,

v.

Warden FCI-Estill,

Respondent.

Civil Action No.: 6:11-cv-00582-RBH

**ORDER**

Petitioner, a federal prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at FCI-Estill in Estill, South Carolina. This matter is now before the court with the [Docket Entry 9] Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald[1] filed on March 16, 2011. In the R & R, the Magistrate Judge recommended that the court should dismiss this case without prejudice. R & R at 4. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 11].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In the instant § 2241 Petition, Petitioner seeks placement in a Residential Reentry Center. § 2241 Petition [Docket Entry 1] at 5. He argues that the "Bureau of Prisons has limited [his] prerelease placement by use of reasons and/or limitations not contemplated or authorized under the Federal Second Chance Act." *Id.* at 4.

This court previously has addressed Petitioner's claims related to his requested placement in a Residential Reentry Center and the Second Chance Act. In *Barron Henderson v. Warden FCI-Estill*, Civil Action No.: 6:10-cv-01866-RBH,[2] Petitioner, in a § 2241 action brought on July 19, 2010, asked the court to order the Bureau of Prisons to "grant[] [Petitioner] the maximum amount of time in the RRC." [Docket Entry 1] at 18, Civil Action No.: 6:10-cv-01866-RBH. On September 16, 2010, Respondent in Civil Action No.: 6:10-cv-01866-RBH filed a motion to dismiss. Because Petitioner was proceeding *pro se* in that action, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to

[2] The court may take judicial notice of its own records in Petitioner's prior case. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (internal quotations and citations omitted); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").

dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner failed to respond after entry of the *Roseboro* order in Civil Action No.: 6:10-cv-01866-RBH. Thereafter, the Magistrate Judge in Civil Action No.: 6:10-cv-01866-RBH gave Petitioner an extension of time–through December 6, 2010–to respond to the motion to dismiss. In that order extending the time, the Magistrate Judge also included the following warning: "The petitioner is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*." [Docket Entry 14], Civil Action No.: 6:10-cv-01866-RBH. Petitioner failed to respond to that order.

On December 14, 2010, the Magistrate Judge issued a R & R in Civil Action No.: 6:10-cv-01866-RBH recommending that the § 2241 petition be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Both parties were advised of their right to file objections to that R & R. No objections were filed. On January 13, 2011, the undersigned adopted the R & R and dismissed Civil Action No.: 6:10-cv-01866-RBH for lack of prosecution.

Thereafter, Petitioner filed a motion for an extension of time to file his response to the motion to dismiss in Civil Action No.: 6:10-cv-01866-RBH. On January 26, 2011, the undersigned denied that motion in the following Text Order:

> Respondent filed his Motion to Dismiss on September 16, 2010, and Petitioner's response to that motion was originally due by October 21, 2010, pursuant to the Roseboro Order. After Petitioner failed to respond, the Magistrate Judge entered an Order on November 10, 2010, giving Petitioner through December 6, 2010 to file a response to the Motion to Dismiss. That Order also advised Petitioner that if he failed to respond this action would be subject to dismissal, and such dismissal would be with prejudice. Despite this warning, Petitioner still failed to respond. Thereafter, the Magistrate Judge entered his Report which recommended dismissing Petitioner's action for lack of prosecution. Petitioner also elected not to file objections to the

> Report. At no point did Petitioner request additional time to respond to either the Motion to Dismiss or the Report and Recommendation. The Court dismissed Petitioner's action on January 13, 2011, over two and a half months after his initial deadline to respond, and only after that dismissal did Petitioner file a request with the Court. Accordingly, Petitioner's Motion for Extension of time is denied and this case shall remain closed.

[Docket Entry 23], Civil Action No.: 6:10-cv-01866-RBH. No appeal was taken in Civil Action No.: 6:10-cv-01866-RBH.

In the instant § 2241 Petition, Petitioner once again seeks placement in a Residential Reentry Center pursuant to the Second Chance Act. In the R & R, the Magistrate Judge concluded that "Petitioner's claims under the Second Chance Act ha[d] already been addressed by this Court," and therefore the instant case should be "barred under the doctrine of *res judicata*." R & R at 2, 4. Upon review, the undersigned agrees with the Magistrate Judge.

"Under the doctrine of *res judicata*, . . . '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel*, 369 F.3d at 354-55 (citing *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). The claims asserted in both suits do not have to be identical; "the doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Pueschel*, 369 F.3d at 355-56.

Here, Petitioner's instant claims are clearly barred by *res judicata*.[3] Both the instant action and Civil Action No.: 6:10-cv-01866-RBH involve identical parties and identical claims.[4] Moreover, the court reached a final judgment on the merits in Civil Action No.: 6:10-cv-01866-RBH. Federal Rule of Civil Procedure 41(b) provides that a dismissal under subsection (b) for anything other than lack of jurisdiction, improper venue, or failure to join a party under Rule 19 "operates as an adjudication on the merits," unless the court specifies otherwise in its order. As noted above, the court dismissed Civil Action No.: 6:10-cv-01866-RBH for *lack of prosecution pursuant to Rule 41(b)*. Accordingly, because the court did not specify otherwise in that dismissal order, dismissal of Civil Action No.: 6:10-cv-01866-RBH "operate[d] as an adjudication on the merits."[5] Thus, Petitioner's claims in the instant § 2241 Petition are barred by *res judicata*.

In his Objections to the R & R, Petitioner does not argue that his claims fail to satisfy the requirements of *res judicata*. Rather, Petitioner appears only to provide the court with his alleged reasons or justification for the dismissal of Civil Action No.: 6:10-cv-01866-RBH. He contends that "Respondent provided misleading information in order to have the Petitioner dismiss the initial

---

[3] The court notes that the term *res judicata* encompasses both "claim preclusion and issue preclusion." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In the instant matter, Petitioner's claims are barred under the doctrine of claim preclusion, which states that "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotations and citations omitted).

[4] Petitioner's claims and requested relief in both actions appear to be identical. However, even if the claims were to contain slight variations, they "arise out of the same transaction . . . or same core of operative facts," *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996), and "could have been litigated," *Pueschel*, 369 F.3d at 356, in the earlier action. Thus, the second requirement for *res judicata* is satisfied.

[5] In addition, the court notes that Petitioner previously had been warned in Civil Action No.: 6:10-cv-01866-RBH that "dismissal [would] be considered an adjudication on the merits, i.e., *with prejudice*." [Docket Entry 14], Civil Action No.: 6:10-cv-01866-RBH. Even in light of that explicit warning, Petitioner failed to respond to the motion to dismiss and R & R, leading to dismissal of that action under Rule 41(b) for lack of prosecution.

§2241 petition." Obj. at 1. Specifically, he contends that a BOP case manager had requested that Petitioner receive six (6) to nine (9) months of placement in a Residential Reentry Center, and only after the expiration of Petitioner's deadline for responding to the motion to dismiss in Civil Action No.: 6:10-cv-01866-RBH did Respondent inform Petitioner that his placement in the Residential Reentry Center would be only three (3) months. *See id.* Based on those "circumstances," Petitioner asks the court to grant the relief requested in the instant § 2241 Petition. *Id.*

To the extent Petitioner may be arguing that the court should "ignore the strictures of *res judicata*," the objection is overruled because "there is no general equitable exception to the doctrine of *res judicata*." *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 688-89 (D. Md. 2009) (citing *Federated Dep't Stores, Inc.*, 452 U.S. 394). The United States Supreme Court has held that "[t]here is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.'" *Federated Dep't Stores, Inc.*, 452 U.S. at 401 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). In addition and regardless of whether any such exception exists, Petitioner's argument that Respondent misled Petitioner so that he would dismiss the initial § 2241 petition is disingenuous, at best, based on the record before the court. First, Petitioner did not voluntarily "dismiss" the § 2241 petition in Civil Action No.: 6:10-cv-01866-RBH, as he appears to indicate in his objections. *See* Obj. at 1 ("Respondent provided misleading information in order to *have the Petitioner dismiss* the initial §2241 petition.") (emphasis added). To the contrary, Petitioner continually failed to respond to deadlines and court orders, ultimately causing his case to be involuntarily dismissed under Rule 41(b) for lack of prosecution. Petitioner fails to recognize this important distinction. Second, in light of the [Docket Entry 11-1] Declaration attached to Petitioner's objections, Petitioner could not have reasonably relied upon the BOP's case manager's

six (6) to nine (9) month recommendation in failing to prosecute Civil Action No.: 6:10-cv-01866-RBH. In the Declaration, the BOP case manager clearly indicated that his "recommendation [was] currently pending review and approval by the Unit Manager, Warden, and Community Corrections Manager," and that "[t]he terms of [his] recommendation [could have] be[en] changed by any one of the other reviewing officials." Declaration at 3. Because this Declaration was originally attached to the motion to dismiss filed in Civil Action No.: 6:10-cv-01866-RBH, these are facts that Petitioner should have been aware of at the time he failed to respond to the motion to dismiss in that action. Accordingly, the court overrules Petitioner's objections.

In sum, Petitioner's instant claims are barred by the doctrine of *res judicata*, and Petitioner has not set forth any arguments sufficient to overcome *res judicata's* preclusive effect.

**Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference herein the R & R of the Magistrate Judge. Accordingly, it is therefore **ORDERED** that the § 2241 Petition in the above-captioned case is **DISMISSED** *without prejudice* and without requiring Respondent to file an Answer or Return.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 4, 2011